COVENANT.

*Case* 96.

June 4.

The case stated.

# Elkin and Perry *vs* Moore.

### ERROR TO THE FAYETTE CIRCUIT.

*Joint obligations.   Interest.*

JUDGE BRECK delivered the opinion of the Court.

THIS was an action of covenant brought by Moore against Elkin and Perry, upon the following obligation:

"Know all men by these presents, that I, Aylett R. Elkin, have this day rented of Hannah Moore the following land of hers, viz: the house and lot where I now live, all the cleared land of hers on the opposite side of the road opposite the house, the field in which Samuel Ritchie once lived, and the field adjoining Ruckels on the north side of her, for the ensuing year, and to have the use of all the pasture land on the west side of the spring branch, and return the possession of the same to said Hannah Moore at the end of the year 1841; I will commit no waste on said land, and at the expiration of the time, pay to said Hannah Moore fifty five dollars and a half, for the rent of the same ; And I, Burdit R. Perry, will be the security of said Elkin for the performance of the above engagement.   Witness our hands this 28th day of December, 1840.                *Aylett R. Elkin,*
                                *Burdit R. Perry.*"

The defendants demurred to the declaration and filed a plea of payment, the only breach of the covenant assigned being the failure to pay the rent.

The demurrer was overruled and the plea subsequently withdrawn, and a verdict and judgment having been rendered for the plaintiff for $63 80, the defendants have brought the case to this Court.

It is contended: 1st. That the Court below erred in overruling the demurrer, a joint action against the defendant not being authorized upon the obligation sued on.

2dly. That it was illegal to allow interest upon the rent.

In regard to the first question, it is insisted that the obligation is substantially like that in *Marshall* vs *Peck and Gilman*, (1 *Dana*, 609,) and that the principles recognized as applicable in that case, apply also in this.   We do not perceive the strict analogy between the two cases as contended.    In the case cited, Gilman did not sign the covenant of Peck, nor did Peck sign the covenant of Gilman.    The undertaking in that case by Gilman, was collateral and strictly a guaranty; she did not covenant to perform the various stipulations in the obligation of Peck, but agreed to be responsible for his defalcation.  In this case both defendants sign the covenant; Perry in effect signs it as the security of Elkin, and undertakes as the security of Elkin, to perform it.   Such, we think, is the reasonable and proper construction of the instrument, and we cannot presume that it was signed with any other understanding or intention.    The Court was, therefore, right in overruling the demurrer.

The second question presents no difficulty.    The jury were right in calculating the interest upon the specific amount stipulated to be paid for the rent, and including it in their verdict.    The principle recognized in *Breckinridge* vs *Brooks*, (2 *Marshall*, 340,) and relied on by counsel, has no application to this case.

Wherefore, the judgment is affirmed.

*Pindell* for plaintiff.

A covenant purporting to be by A. B. R. to which is added, I, J. R. P. will be security of said A. R. E., and signed both, is the joint covenant of both, and they may be jointly sued.

In a covenant for the payment of a specific sum on a particular day, it is right that the jury calculate interest on the same up to the time of rendering their verdict.